Case 4:20-cr-00673   Document 76   Filed on 07/10/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON DEL MULDER, § | |
| BOP # 00133-379, § | |
| § | CRIMINAL NO. 4:20-673-1 |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-2561 |
| § | |
| § | |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM OPINION AND ORDER**

Federal inmate Jason Del Mulder, proceeding *pro se*, moved to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Dkt. 67; Dkt. 69). Mulder challenges his 2022 conviction for receipt of child pornography. The Government filed a memorandum in opposition (Dkt. 75) and argues that the motion should be denied without further proceedings. Having considered the motion, the response, the applicable law, and all matters of record, the Court will **deny** Mulder's motion for the reasons explained below.

**I.   BACKGROUND**

Mulder is serving a sentence for one count of receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(B) and (b)(1), to which he pleaded guilty on March 29, 2022 (Dkt. 35). Based on his total offense level of 21 and his criminal history, the sentencing range under the Sentencing Table in Chapter 5, Part A of the Sentencing Guidelines was 46-57 months in prison. However, because Mulder had a prior conviction for distributing child pornography, his sentencing range under 28 U.S.C. § 2252A(b)(1) was 15-40 years in prison, meaning that the statutorily required minimum sentence under 18 U.S.C.

§ 2252A(b)(1) was 15 years, or 180 months (Dkt. 40 (Pre-Sentence Report (PSR)), at 12, ¶¶ 69-70). Under § 5G1.1(b) of the guidelines, because the statutorily required minimum sentence was greater than the maximum term under the guideline range, "the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b); *see* Dkt. 40, at 12, ¶ 70.

On December 13, 2022, the Court sentenced Mulder to 180 months in federal prison, and a 30-year term of supervised release (Dkt. 51 (judgment); Dkt. 52 (statement of reasons)).

Mulder appealed (Dkt. 54 (No. 22-20666)). His counsel moved for leave to withdraw and filed an *Anders* brief stating that his conviction and sentence presented no non-frivolous grounds for appeal (Dkt. 75-1 (*Anders* brief), at 24-29). On July 12, 2023, the appellate court concurred and dismissed the appeal as frivolous (Dkt. 65; Dkt. 66). Mulder did not petition the United States Supreme Court for a writ of *certiorari*.

On July 1, 2024, Mulder filed a motion to vacate, set aside, or correct his sentence (Dkt. 67), followed by an amended motion on the Court's form (Dkt. 69). In his sole ground for relief, he claims that his sentence should have been within the range of 46-57 months rather than the minimum mandatory sentence under 18 U.S.C. § 2252A(b)(1). He argues that Federal Rule of Criminal Procedure 32 does not use the term "mandatory minimum sentence"; that, under 28 U.S.C. §2072(b), all laws in conflict with the federal rules are of no force or effect; and that his mandatory minimum sentence should be

corrected (*id*. at 4).  The Government is opposed (Dkt. 75) and argues that the Court should deny the motion without further proceedings.

## II.     **LEGAL STANDARDS**

A prisoner sentenced by a federal court may move the court under 28 U.S.C. § 2255 to "vacate, set aside[,] or correct the sentence" on one of four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  "Review under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude."  *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012).

A motion under § 2255 requires an evidentiary hearing "unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true."  *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019) (cleaned up); *see* 28 U.S.C. § 2255(b).  If, based on the pleadings and the record, the court can conclude as a matter of law that the movant cannot establish a necessary element for his claim, then an evidentiary hearing is unnecessary.  *United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009); *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

Pleadings filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see United States v. Moron-Solis*, 388 F. App'x 443, 444 (5th Cir. 2010).

### III.  DISCUSSION

Mulder raises one claim for relief, arguing that his sentence is in excess of the maximum authorized by law (Dkt. 67, at 2-3; Dkt. 69, at 4). He argues that Federal Rule of Criminal Procedure 32 does not contain the term "mandatory minimum sentence" and thus conflicts with 18 U.S.C. § 2252A(b)(1), which provides for the mandatory minimum sentence imposed in his case (Dkt. 69, at 4). He requests that the Court re-sentence him within the range of 46-57 months.

Mulder's argument is foreclosed by the appellate court's determination that his sentence presented no non-frivolous issue for appeal. The *Anders* brief, filed by his counsel, specifically stated that no non-frivolous issue arose from the Court's sentencing guideline calculations (Dkt. 75-1, at 24-29). Mulder's *pro se* response to the brief maintained that, "I do have an argument regarding the applicability of the Mandatory Minimum Sentence I was given" and that the argument was "new and unique." *See United States v. Mulder*, Appeal No. 22-20666 (response filed June 8, 2023). However, the Fifth Circuit rejected Mulder's *pro se* argument when it concurred with his counsel's brief, determined that the appeal presented no nonfrivolous issue for review, and dismissed the appeal (Dkt. 65; Dkt. 66). Because Mulder litigated the issue on direct appeal, he cannot

relitigate the issue in these proceedings under § 2255. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *United States v. Pena-Rosales*, No. 2:11-CR-1143, 2014 WL 37281, at *3 (S.D. Tex. Jan. 6, 2014).

In the alternative, to the extent Mulder did not raise the issue on direct appeal, the issue now is procedurally defaulted, and Mulder has not shown cause for his failure to raise the issue or prejudice flowing from the error. *See Cervantes*, 132 F.3d at 1109. Moreover, Mulder's argument based on Federal Rule of Criminal Procedure 32 and 28 U.S.C. § 2072 fails because he does not show an actual conflict between the Rule 32 and 18 U.S.C. § 2252A(b)(1).

## IV.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

### V. <u>CONCLUSION</u>

Because the record conclusively shows that Mulder is not entitled to relief, the Court need not conduct an evidentiary hearing. *See United States v. Owens*, 94 F.4th 481, 490 (5th Cir.), *cert. denied*, 145 S. Ct. 218 (2024).

For the reasons stated above, the Court **ORDERS** as follows:

1. Mulder's motions for relief under 28 U.S.C. § 2255 (Dkt. 67; Dkt. 69) are **DENIED**.

2. A certificate of appealability is **DENIED**.

3. By separate order, the Court will enter final judgment in the corresponding civil case, No. 4:24-2561.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____July 10_____, 2025.

*George C. Hanks, Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE